Christopher ARAGON, Petitioner–
Appellant,

v.

Mark BROADDUS and John Suthers,
Colorado State Attorney General,
Respondents–Appellees.

No. 07–1224.

United States Court of Appeals,
Tenth Circuit.

Oct. 24, 2007.

Christopher Aragon, Buena Vista, CO,
pro se.

John W. Suthers, Attorney General,
State of Colorado, Laurie A. Booras, Colo-
rado Attorney General's Office, Denver,
CO, for Respondents–Appellees.

Before BRISCOE, McKAY, and
McCONNELL, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY*

MICHAEL W. McCONNELL, Circuit
Judge.

Christopher Aragon, a state prisoner
proceeding *pro se,* seeks a certificate of
appealability (COA) that would allow him
to appeal from the district court's order
denying his habeas corpus petition under
28 U.S.C. § 2254. *See* 28 U.S.C.
§ 2253(c)(1)(A). Because we conclude that
Mr. Aragon has failed to make "a substan-
tial showing of the denial of a constitution-
al right," we deny his request for a COA,
and dismiss the appeal. 28 U.S.C.
§ 2253(c)(2).

Mr. Aragon was convicted of first de-
gree murder and related charges in May
2003, pursuant to a guilty plea. He did
not appeal, but over a year later, on Feb-
ruary 8, 2005, he filed a motion in state
court for post-conviction relief, which was
denied on March 2, 2005. According to
Mr. Aragon's complaint, he filed a timely
notice of appeal but the Colorado Court of
Appeals dismissed the appeal as untimely.
Mr. Aragon filed an application for habeas
corpus in federal district court, pursuant to
28 U.S.C. § 2254, arguing that the state
appellate court's dismissal of his appeal
was erroneous and a violation of his due
process rights. The federal district court
denied his habeas application on the
ground that the constitutionality of state
post-conviction procedures may not be
challenged on federal habeas.

The denial of a motion for relief under
28 U.S.C. § 2254 may be appealed only if
the district court or this Court first issues
a COA. 28 U.S.C. § 2253(c)(1)(A). A COA
will issue "only if the applicant has made a
substantial showing of the denial of a con-
stitutional right." 28 U.S.C. § 2253(c)(2).
In order to make such a showing, a peti-
tioner must demonstrate that "reasonable
jurists could debate whether ... the peti-
tion should have been resolved in a differ-
ent manner or that the issues presented
were adequate to deserve encouragement
to proceed further." *Slack v. McDaniel,*
529 U.S. 473, 484, 120 S.Ct. 1595, 146
L.Ed.2d 542 (2000) (internal quotation
marks omitted).

The district court was unquestionably
correct that the constitutionality of state
post-conviction procedures may not be
challenged in a federal habeas action. *See
Sellers v. Ward,* 135 F.3d 1333, 1339 (10th
Cir.1998). The habeas writ provides a ba-

* This order is not binding precedent, except
under the doctrines of law of the case, res

judicata, and collateral estoppel.

sis for challenging the legality of a prisoner's confinement, which rests on his initial conviction. A state is not constitutionally required to provide post-conviction process, *Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and even if such process were defective, the defect would not impugn the prisoner's conviction or the legality of his confinement.

Accordingly, we **DENY** Mr. Aragon's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is also **DENIED.**